IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JERRY CHAMBERS, JR.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-148-MTT-CHW |
| | : | |
| **WARDEN SAMPSON,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is a Complaint filed by *pro se* Plaintiff Jerry Chambers, Jr., an inmate in the Macon State Prison in Oglethorpe, Georgia (ECF No. 1). Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP") in this case (ECF No. 2). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, and Plaintiff's Eighth Amendment conditions-of-confinement claims against Defendant Pope concerning the denial of adequate clothing, shoes, and bedding shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims against all remaining Defendants be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. He may therefore proceed

without prepayment of the filing fee.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.  Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.   If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

## I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  28 U.S.C. § 1915A(a).  Courts must also screen complaints filed by a plaintiff proceeding IFP.  28 U.S.C. § 1915(e).  Both statutes apply in this case, and the standard of review is the same.  "*Pro se* filings are generally held to a less stringent standard than those drafted

by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

4

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.  Factual Allegations

The claims in Plaintiff's Complaint arise from his confinement at Macon State Prison ("MSP") beginning in April of 2024. ECF No. 1 at 5. According to the Complaint, Plaintiff lost clothes in the laundry and sent in a clothing request form, but he "heard nothing in return." *Id.* In September of 2024, Plaintiff's shoes were stolen. *Id.* Plaintiff reported this to an unnamed officer, but he was not provided any shoes to replace the ones that were stolen. *Id.* In October of 2024, Plaintiff contends his "mattress was cut up and destroyed when [he] came back from the shower." *Id.* Plaintiff also contends he does not get a shower three times a week. *Id.* Plaintiff asserts that these conditions violate his constitutional rights, and as a result he seeks compensatory damages as well as

5

release from prison, his "probation dropped," and his "leg GPS taken away." *Id.* at 6.[1]

### III. Plaintiff's Claims

Plaintiff's allegations about his clothing, shoes, bedding, and showers are a challenge to the conditions of his confinement under the Eighth Amendment. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 32 (1993) (observing that State is obligated to care for inmates' "basic human needs," to include adequate clothing and shelter (citation omitted)). A conditions-of-confinement claim has both objective and subjective components. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling*, 509 U.S. at 36.

To meet the subjective standard in a prison conditions case, a plaintiff must show

---

[1] Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations he alleges, such relief is not available in a Section 1983 case.

that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331. To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer v. Brennan*, 511 U.S. 839).

At least some courts have found that "there is no absolute Eighth Amendment right not to be put in a cell without clothes or bedding." *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995). Because "the Eighth Amendment is concerned with both the 'severity' and the 'duration' of the prisoner's exposure" to a particular condition, however, "[a] condition which might not ordinarily violate the Eighth Amendment may nonetheless do so if it persists over an extended period of time." *Chandler*, 379 F.3d at 1294 (alteration in original) (quoting *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)). Thus, a relatively short deprivation of clothing or bedding does not typically amount to a constitutional violation. *See, e.g., Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (holding that inmate failed to state claim where he slept on bare steel bed with no mattress for 18 days); *Fischer v. Ellegood*, 238 F. App'x 428, 433 (11th Cir. 2007) (holding that five-day period where inmate was required to sleep on the floor or on unwashed bed linens did not amount to constitutional violation).

In this case, a liberal reading of the Complaint indicates Plaintiff has been deprived of adequate clothing for at least ten months; shoes for at least five months; and a mattress for at least four months. ECF No. 1 at 5. Given the length of the deprivation and the

7

apparent absence of any reason to deprive Plaintiff of these necessities, these claims are not frivolous. *See, e.g., Ranger v. Perry*, NO. 5:20-CV-00233-MTT-CHW, 2020 WL 13989572, at *3 (M.D. Ga. Nov. 17, 2020) (allowing claims that prisoner was deprived of mattress and adequate clothing for three weeks to proceed past initial screening).

Plaintiff also alleges that he "asked the unit man[a]ger [a] number of times about [his] clothes, shoes, and mattress" but to no avail. ECF No. 1 at 4. These allegations are sufficient to permit Plaintiff's claims against the unit manager—Defendant Pope—to proceed for further factual development.[2] Plaintiff has not clearly alleged that any of the other named Defendants had knowledge of the problems with his clothing or bedding. For example, while Plaintiff alleges he submitted a clothing request, he does not identify the officer to whom he sent this request. *Id.* at 5. Similarly, he states that he informed an "officer" about his shoes, but he does not identify this officer. *Id.* Without pleading facts to show that the remaining Defendants were subjectively aware of the alleged deprivations, Plaintiff has failed to state a claim against them. *See Wade*, 106 F.4th at 1255. Plaintiff's claims against these remaining Defendants should therefore be dismissed without prejudice.[3]

---

[2] The fact that the prison may have lost Plaintiff's clothing in the laundry does not give rise to a constitutional claim because such action would amount to mere negligence, which "does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993). The constitutional claims arise from the fact that Defendant Pope allegedly knew that Plaintiff did not have adequate clothing, shoes, or bedding but ignored Plaintiff's requests for help.

[3] Some of the Defendants named by Plaintiff appear to be supervisors. Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Christmas*, 76 F.4th at

To the extent that Plaintiff is alleging he was also deprived of adequate showers, he has likewise failed to state a claim. It is well-established "that the deprivation of basic sanitary conditions can constitute an Eighth Amendment violation." *Brooks v. Warden*, 800 F.3d 1295, 1304 (11th Cir. 2015). As discussed above, however, this deprivation must be "serious" or "extreme" enough to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas*, 614 F.3d at 1304. Plaintiff has not alleged enough facts to show a serious or extreme deprivation of showers, and the Court "cannot simply assume that the denials . . . here were sufficiently lengthy or frequent to amount to a constitutional violation." *Ellis v. Pierce Cnty.*, 415 F. App'x 215, 218 (11th Cir. 2011) (holding that denial of access to showers for up to two weeks at a time that occurred "'several times' over the course of his fifteen-month detention" did not amount to constitutional violation). Absent such facts, Plaintiff fails to state an actionable claim. These claims must therefore be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No.

---

1330. Instead, Plaintiff must allege specific facts to show that these Defendants either personally participated in the alleged constitutional violations or that a causal connection exists between his actions and a subordinate's conduct. *Id.* Plaintiff's complaint fails to describe a history of similar issues, identify any potentially unlawful customs or policies, or establish any supervisory Defendant's knowledge that their subordinates were acting unlawfully. Plaintiff has therefore failed to state a claim for supervisory liability against any Defendant. *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 958 (11th Cir. 2019) (prisoner failed to state supervisory liability claim where he failed to "point to other instances" of similar unconstitutional conduct, "allege any facts indicating that [supervisors] were on notice of the officers' alleged deliberate indifference," or pleaded any facts related to the policies or customs that led to constitutional violations).

2) is **GRANTED,** and Plaintiff's Eighth Amendment conditions-of-confinement claims against Defendant Pope concerning the denial of adequate clothing, shoes, and bedding shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims against all remaining Defendants be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Pope, it is accordingly **ORDERED** that service be made on that Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Each Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 6th day of August, 2025.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge